IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES R. WILSON,                )
                                )
            Plaintiff,          )
                                )
    v.                          )   No. 09 C 7392
                                )
ILLINOIS CENTRAL RAILROAD       )
COMPANY, an Illinois corporation,)
                                )
            Defendant.          )

## OPINION AND ORDER

Plaintiff James Wilson , an African-American, is employed as a locomotive engineer by defendant Illinois Central Railroad Company ("IC"), at a rail yard in Memphis, Tennessee. He has been employed by defendant since 2005. Plaintiff alleges that defendant generally discriminated against African-Americans in providing promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. However, his complaint does not point to specific promotions that he was wrongfully denied. Plaintiff also

alleges that defendant retaliated against him for complaining about discrimination. Presently pending is defendant's motion for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 274 n.1 (2009); *Malen v. MTD Prods., Inc.*, 628 F.3d 296, 303 (7th Cir. 2010); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence

of purportedly disputed facts if those facts are not plausible in light of the entire record. See *Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted).

> Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

In October 2007, plaintiff entered information on an IC database, accessible to all employees, reflecting his career interests. However, the database was not necessarily consulted for promotions. Plaintiff entered information indicating interest in the trainmaster and supervisor of locomotive engineers positions, and indicated a willingness to relocate. In December 2010, plaintiff was offered a promotion to a supervisor of engineers position in Chicago, but declined the promotion because he was unwilling to relocate to Chicago.

Plaintiff requests that the court take judicial notice of pleadings in an earlier class action promotion discrimination case filed against defendant and other related railroad entities. *See Barnes v. Canadian Nat'l/Ill. Cent. R.R.*,

No. 04 C 1249 (N.D. Ill.). The court has taken judicial notice of the pleadings in the *Barnes* case. Taking judicial notice is distinct from questions of what the pleadings may support and whether they are evidence of any material fact. Neither party discusses the application of the *Barnes* Decree to the present case.

The pleadings in *Barnes* include a Consent Decree entered January 8, 2010. Docket entry [91]. Defendant is bound by the *Barnes* Decree and plaintiff appears to be a member of the class[1] to whom the Decree also applies. The *Barnes* Decree provides for injunctive and monetary relief regarding promotion procedures, including publication of vacancies. Although not cited by either side, the *Barnes* Decree expressly provides: "Nothing in this Consent Decree, nor any action taken in implementation thereof, nor any statements, discussions, or

---

[1]In the *Barnes* Decree, the conditional settlement class is defined as "all current, former, and future African American employees of the Railroad [which includes IC] who were employed any time from February 18, 2000 until the date [October 26, 2009] of the Preliminary Approval of this Consent Decree." *Barnes* Decree § II(C). *See also id.* § IV. The Final Approval Order in *Barnes* defines the class as "All African-American employees of the Railroad from February 18, 2000 to October 21, 2009." Approval Order [docket entry 93] ¶ 3. Apparently 46 potential class members opted out of the settlement that resulted in entry of the *Barnes* Decree. Joint Submission in Support of Final Approval [docket entry 88] ¶ 3. Neither party states that plaintiff was or was not a member of the class certified in this case nor does either party state that plaintiff did or did not opt out of the settlement.

communications, nor any materials prepared, exchanged, issued, or used during the course of the Litigation or in negotiations leading to this Consent Decree, are intended by the Parties to, nor shall any of the foregoing constitute, be introduced, be used, or be admissible in any way in the Litigation or in any other judicial, arbitral, administrative, investigative, or other proceeding of whatsoever kind or nature as evidence of discrimination, harassment, or retaliation on the basis of race, or as evidence of any violation of: Title VII or 42 U.S.C. § 1981 . . . . Notwithstanding the foregoing, the Consent Decree may be used by the Named Plaintiffs, or Railroad, to enforce or implement the terms of the Consent Decree or any orders or judgments of this Court entered in connection with the Consent Decree." *Barnes* Decree § VI(C). Also, neither party notes that the *Barnes* Decree, "release[s] claims which accrued up to and including the date the class members submitted a claim form, or, if no claim form was submitted, up to and including December 15, 2009." Approval Order ¶ 10. *See also Barnes* Decree § VII(A). There is no contention by defendant that the *Barnes* release limits plaintiff's claims in the present case to the period after the time covered by the *Barnes* release.

Plaintiff also requests that the court take judicial notice of a document he printed off the Internet that purports to show the racial breakdown of the Memphis metropolitan area during the period 2005-2009. Defendant does not object that this document is not an accurate reflection of a Census Bureau document. The document shows data from the "American Community Survey." Defendant objects that this is not an official count and therefore should not be accepted. The document itself notes: "Although the American Community Survey (ACS) produces population, demographic and housing unit estimates, it is the Census Bureau's Population Estimates Program that produces and disseminates the <u>official estimates of the population for the nation, states, counties, cities and towns and estimates of housing units for states and counties</u>." (Emphasis in original.) ACS data has been used by other courts. *See League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 438 (2006); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 n.3 (9th Cir. 2010); *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, 2011 WL 6318960 *20 (N.D. Ill. Dec. 15, 2011) (three-judge panel); *Cent. Ala. Fair Hous. Ctr. v. Magee*, 2011 WL 6182334 *17 n.18 (M.D. Ala. Dec. 12, 2011); *Rivera v. Inc. Vill. of Farmingdale*, 784 F. Supp. 2d 133, 144 n.6 (E.D.N.Y. 2011); *Benavidez v. City of Irving, Tex.*, 638 F.

Supp. 2d 709, 714-15, 721 (N.D. Tex. 2009). At least one court has expressly found the ACS to be sufficiently accurate and reliable and expressly took judicial notice of data for a particular community. ***Benavidez, supra.*** Judicial notice will be taken of plaintiff's Exhibit C and it will be accepted that it reflects the racial breakdown for the Memphis metropolitan area population during the pertinent time period. Whether the racial breakdown for the metropolitan area is a relevant and/or material fact is a question distinct from the issue of taking judicial notice of the data.

Between 2005 and 2010, there was no set process for recruiting for open management positions at defendant. Defendant used a variety of means to recruit for such openings, including advertising externally, identifying potentially qualified candidates through an internal system called Career Track, employing a process known as an Assessment Center, and by employees directly advising management of their desire for a particular job. There is also evidence supporting that informal word-of-mouth among employees who knew of interests and openings could result in an employee being considered for a promotion.

Under the indirect method of showing racial discrimination in employment, "a prima facie case of employment discrimination creates a

rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer satisfies that burden, the plaintiff must then show that these articulated reasons are pretextual." *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). The parties agree that, for a failure-to-promote claim, a *prima facie* case ordinarily is satisfied by showing "1) [plaintiff] belongs to a protected class, 2) he applied for and was qualified for the position sought, 3) he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff." *Id.*

Defendant presents evidence that plaintiff cannot satisfy the fourth element of the *prima facie* case, including that some of the others who were promoted were African-American. Alternatively, defendant provides legitimate, nondiscriminatory reasons for its promotion decisions and contends plaintiff cannot show the reasons are pretextual. Plaintiff fails to present evidence supporting a factual dispute as to the fourth element nor does he show that defendant's reasons for promoting any of the non-African-Americans were pretextual.

Instead, plaintiff contends he was discriminated against because, as an African-American, he was generally excluded from being informed of or considered for promotions. Citing *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1022 (6th Cir. 2000), plaintiff contends that, when, as here, defendant did not inform employees of available promotions, defendant had a duty to consider all employees who might reasonably be interested in an available promotion. The holding in that case, however, only excused the plaintiff from showing he satisfied the application element of the *prima facie* case. In *Dews*, the plaintiff still had to satisfy the other elements. *Id.* Similarly, in situations where the employer fails to follow its standard application procedures, including by failing to properly announce an opening, the Seventh Circuit has held that the fourth element of the *prima facie* case still must be satisfied. *Hobbs v. City of Chicago*, 573 F.3d 454, 461 (7th Cir. 2009). Plaintiff still has to make a satisfactory showing of the fourth element, which he does not.

Plaintiff cites *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 797 (10th Cir. 1993), for the proposition that being more or as qualified as the person promoted is not always a required element of the *prima facie* case for a failure-to-promote claim. In the Tenth Circuit, the standard

elements for a *prima facie* failure-to-promote claim are: "(1) he is a member of a protected class; (2) he applied for and was qualified for the particular position; (3) he was not promoted despite his qualifications; and (4) the position was filled or remained open after he was rejected." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1306-07 (10th Cir. 2005) (quoting *Cross v. The Home Depot*, 390 F.3d 1283, 1286 (10th Cir. 2004)). The Seventh Circuit, however, has held that those elements alone are not enough; if another person was promoted, it must also be shown that the plaintiff is as qualified or more qualified. *Grayson*, 317 F.3d at 748; *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010); *Hobbs*, 573 F.3d at 460. Recently, the Seventh Circuit noted that, when the person promoted is more qualified, the plaintiff fails to satisfy the *McDonnell Douglas prima facie* requirement that the plaintiff be similarly situated to the comparator. *Stinnett v. City of Chicago*, 630 F.3d 645, 647 (7th Cir. 2011). Moreover, even if the Tenth Circuit elements were sufficient and plaintiff has satisfied them, his claim would still fail because plaintiff has not shown pretext.

Plaintiff goes beyond contending that defendant generally failed to make employees aware of promotional opportunities. He contends defendants' promotion procedures relied at least in part on word-of-mouth among managers

and long-time employees. Because managerial employees were disproportionately White and a number of employees were related, plaintiff contends this resulted in Whites being disproportionately considered for promotions. Plaintiff's anecdotal evidence, however, does not establish a disparate impact. Also, comparing the limited number of African-American trainmasters (a managerial position that plaintiff was interested in) to the African-American population of the Memphis metropolitan area is not a sufficient showing of a disparate impact. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 650 (1989); *EEOC v. Chicago Miniature Lamp Works*, 947 F.2d 292, 302 (7th Cir. 1991); *Clanton v. Kirk & Blum Mfg. Co.*, 2002 WL 31761363 *4 n.6 (S.D. Ind. Dec. 6, 2002); *Settles v. Ill. Dep't of Human Servs.*, 2001 WL 987590 *10 (N.D. Ill. Aug. 28, 2001), *aff'd by unpublished order*, 42 F. App'x 872 (7th Cir. 2002). Defendant generally transferred managers into a new location, so even a relevant Memphis labor market alone would not be an appropriate pool for comparison. Because plaintiff fails to make an adequate showing of an adverse impact, it is unnecessary to consider whether an adverse impact claim should be considered waived because not adequately raised in plaintiff's Complaint or discovery proceedings.

Also, plaintiff does not present statistics that are sufficient to show intentional discrimination. *See generally* **Chavez v. Ill. State Police**, 251 F.3d 612, 647 (7th Cir. 2001). And even if he did, he would have to show that any such proven discrimination caused his failure to be promoted.

In his brief, plaintiff makes no argument that he has shown retaliation for raising claims of discrimination. In his statement of additional facts, plaintiff points to testimony of defendant's Human Resources Director that, after plaintiff and another African-American employee filed EEOC charges, the Vice-President of Human Resources asked the Director to look into whether the two employees could be discharged. The Director investigated and decided they could not be and no action was taken against plaintiff or the other employee. Since no adverse action was taken, this evidence does not support a claim of retaliation. *See* **Abuelyaman v. Ill. State Univ.**, ___ F.3d ___, 2011 WL 6188446 *10 (7th Cir. Dec. 13, 2011); **Chapin v. Fort Rohr Motors, Inc.**, 621 F.3d 673, 681 (7th Cir. 2010).

IT IS THEREFORE ORDERED that plaintiff's motion to take judicial notice [58] is granted. Defendant's motion for summary judgment [46] is granted.

The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 12, 2012